UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| AMBER BISHOP, INDEPENDENT ADMINISTRATOR of the ESTATE of VERONICA L. HORSTEAD, DECEDENT )<br>)<br>)<br>) | No. 18- |
| Plaintiff, )<br>vs. )<br>) | |
| CECILE KEMP, LPN; and CORRECT CARE SOLUTIONS, LLC; )<br>)<br>) | Plaintiff Respectfully Demands Trial by Jury |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Amber Bishop, Independent Administrator of the Estate of Veronica L. Horstead, Decedent, and brings forth this Complaint against the Defendants Cecil Kemp, LPN; and Correct Care Solutions, LLC; and in support of, states the following:

## JURISDICTION AND VENUE

1.      This is a civil action arising under the Eighth Amendment to the United States Constitution; The Civil Rights Act of 1964 – 42 U.S.C. §1983 and §1988; The Illinois Constitution, Article I §2 and §12; and Illinois State Law – 740 ILCS §180/0.01 et seq.; 735 ILCS §5/2-1704; 740 ILCS §23/5; and 755 ILCS §5/27-6.

2.      The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, §1343(a)(3), and also supplemental jurisdiction of state claims pursuant to 28 U.S.C. §1367.

1

3. This judicial district is the appropriate venue under 28 U.S.C. §1391(b) and (e)(1) because the events giving rise to the suit occurred in this judicial district.

## PARTIES

4. Decedent Veronica Horstead was at all times relevant a resident of the State of Illinois and the City of Champaign.

5. Plaintiff Amber Bishop, Independent Administrator of the Estate of Veronica L. Horstead, Decedent, brings this suit and was at all times relevant a resident of the State of Illinois and the City of Urbana.

6. Defendant Cecil Kemp, LPN was at all times relevant a licensed practical nurse who is employed by Correct Care Solutions, LLC, contracted by Champaign County to provide health care to inmates and supervise the staff of nurses also employed by Correct Care Solutions contracted by Champaign County, acting under color of state law, and is sued in her individual capacity.

7. Defendant Correct Care Solutions, LLC, was at all times relevant a Limited Liability Company based out of Nashville, Tennessee, and authorized to do business in the State of Illinois, contracted by Champaign County.

## FACTS

8. The Decedent, Veronica L. Horstead was arrested by the Champaign Police Department on June 7, 2016 at 2:27 am.

9. Sgt. Michael Johnson spoke with Ms. Horstead at approximately 2:40 am to get information from Ms. Horstead regarding her most recent hospital stay, which took place during her previous incarceration on May 27, 2016.

10. During Ms. Horstead and Sgt. Michael Johnson's conversation, Ms. Horstead admitted to using heroin on Saturday June 4th at approximately 5:00 pm.

11. During the conversation between Ms. Horstead and Sgt. Michael Johnson, Ms. Horstead stated if and when she was put into a holding cell she was going to suffer from stress related issues, was currently having chest pains due to stress, and requested to be taken to the hospital.

12. Sgt. Michael Johnson called Dr. Adeyemi Fatoki, received no response, and then called Dr. Shah. Upon Sgt. Michael's explanation, Dr. Shah stated that Ms. Horstead would need to be cleared prior to entry into the jail facility.

13. Sgt. Michael Johnson refused Ms. Horstead's entry into the jail at approximately 2:44 am on June 7, 2016.

14. Ms. Horstead left the facility to be taken to Carle Foundation Hospital at 2:50 am.

15. At approximately 4:45 am Ms. Horstead was examined by a doctor and was found acceptable for admission to the jail. It was advised that Ms. Horstead continue her home medications.

16. At approximately 6:34 am, Officer Ryne Shaw emailed the Sheriff Correction-Medical and Sheriff Correction Mental Health staff and stated that Ms. Horstead stated that she

had a heart condition called [redacted] in which she will be placed on Med 5 for. She was also to be placed on Med 2 due to her stating that [redacted] from heroin. Officer Shaw also stated that Ms. Horstead would be placed on psych watch due to her crying throughout her entire intake process. Mental Health was asked to follow up with Ms. Horstead at their convenience.

17. Ms. Horstead, at all times relevant suffered from polysubstance dependence, supraventricular tachycardia, anxiety, congestive heart failure, cardiomyopathy, unspecified essential hypertension, atrial fibrillation, mitral regurgitation and hiatal hernia.

18. At or about 8:20 am on June 7, 2016 the jail medical staff checked Ms. Horstead's blood pressure. It read 124/82.

19. Mary Byndom sent an email to Corrections at 3:42 pm on June 7, 2016 stating that Mental Health met and spoke with Ms. Horstead. During the meeting Ms. Horstead denied any mental health concerns and stated she was upset about being in the facility.

20. On June 7, 2016 at approximately 10:35 pm, Cody M. Fordyce notified Sheriff Correction-Medical via email that at 8:30 pm Horstead complained that she [redacted] and that he took her [redacted]. Medical was asked to follow up with Ms. Horstead the following morning.

21. On June 7, 2016 at 8:20 am, jail medical staff checked Ms. Horstead's blood pressure. The reading was 124/82.

22. On June 7, 2016 Ms. Horstead was initially placed in cell F-2 and was later moved to cell F-3. Both of these cells are located in the Booking area. Ms. Horstead was kept there for medical reasons.

23. On June 8, 2016 at 1:00 am an email sent by Derron Richler stated that Ms. Horstead complained of having [redacted]. Mr. Richler stated that he took [redacted] and they read as follows [redacted].

24. On June 8, 2016 at 2:36 am, Ms. Horstead's vitals were checked after complaining of not feeling well due to drug withdrawals and she was informed that the nursing staff would see her in the morning.

25. On June 8, 2016 at 7:41 am Michael Johnson sent an email to Ryan Snyder and Officer Karee Voges asking if they should ask for some guidance on how to handle Ms. Horstead medically due to her hospitalization during her previous incarceration.

26. On June 8, 2016 at 12:50 pm, Ryan Snyder emailed Medical to request guidelines on special care for Ms. Horstead.

27. On June 8, 2016 at 1:10 pm Officer Karee Voges responded to Michael Johnson and Ryan Snyder that Ms. Horstead wanted to go to the hospital but that it would not happen just because she was asking.

28. Despite multiple requests to go to the hospital the medical staff, including Cecil Kemp with deliberate indifference, refused to allow Ms. Horstead to go.

29. On June 8, 2016 at 4:35 pm Ms. Horstead had her blood pressure checked by jail medical staff. Ms. Horstead's blood pressure read 125/95.

30. On June 9, 2016 at 11:08 am Defendant Kemp wrote an email stating that Ms. Horstead refused to be evaluated and that Ms. Horstead complained of not feeling well.

31. At or about 4:00 pm on June 9, 2016 Ms. Horstead's blood pressure was checked. The reading was 128/92.

32. On June 10, 2016 at approximately 6:40 am Officer Micah McMahon came to Ms. Horstead's cell to deliver breakfast bags to Ms. Horstead and her cell mate, Judith Bryant.

33. At approximately 6:43 am Defendant Kemp entered Ms. Horstead's cell to administer medication. Ms. Horstead was unresponsive to Defendant Kemp calling her name.

34. Defendant Kemp called for a correctional officer to remove Ms. Horstead's cell mate from the cell.

35. Defendant Kemp checked Ms. Horstead's pulse and found no pulse. Defendant then called for Sgt. Joshua Jones. Sgt. Jones also could not locate a pulse.

36. At or about 6:45 am, an ambulance was called and CPR was started.

37. At approximately 6:54 am, EMS arrived and took over resuscitation measures

38. Ms. Horstead was transported to Carle Foundation Hospital, where she was pronounced dead on March on at 7:12 am by the attending physician.

**COUNT I: Constitutional Deprivation of Ms. Horstead's Constitutional Rights Pursuant to 42 U.S.C. §1983 vs. Defendants Kemp and Correct Care Solutions, LLC**

39. The Plaintiff reincorporates and realleges paragraphs 1-38 as if fully incorporated herein.

40. Defendant Correct Care Solutions, LLC is the supervisory official responsible for development and implementation of policies and procedures for the identification and handling of inmates suffering serious medical conditions, including substance withdrawal.

41. By and through their agents, Defendant Correct Care Solutions, LLC, is responsible for conduct of the employees of Correct Care Solutions, LLC, contracted by Champaign County, and the well-being of Champaign County Jail inmates.

42. Because Ms. Horstead had no control over her confinement, Defendants Kemp, and Correct Solutions, LLC, contracted by Champaign County, had an absolute duty to care for and ensure Ms. Horstead's well-being and safety.

43. After being made aware of Ms.Horstead's medical condition and emergency medical needs, the Defendant's exercised deliberate indifference to Ms. Horstead's serious medical needs by failing to provide requested and necessary medical treatment and failing to respond to Ms. Horstead's increasingly urgent pleas for medical assistance.

44. The failure to act on and respond to Ms. Horstead's serious medical needs and medical emergency proximately caused, in whole or in part, her conscious pain and suffering and her death, depriving Ms. Horstead of her rights under the Eighth Amendment and in violation of 42 U.S.C. § 1983.

**COUNT II: Custom and Policy of Deliberate Indifference Pursuant to 42 U.S.C. §1983 vs. Correct Care Solutions**

45. The Plaintiff reincorporates and realleges paragraphs 1-38 as if fully incorporated herein.

46. Defendant Correct Care Solutions, LLC, is the supervisory officials responsible for the development and implementation of policies and procedures for the identification and handling of inmates suffering serious medical conditions, including cardiomyopathy.

47. Defendant Correct Care Solutions, LLC, is an entity with final policymaking abilities who established the customs of conduct at Champaign County Jails.

48. Defendant Correct Care Solutions, LLC, was aware, because of the fourteen (14) deaths which have taken place in the Champaign County Jail since 2004, of the need for appropriate policies and procedures concerning the identification and handling of inmates suffering serious medical conditions, including cardiomyopathy.

49. Defendant Correct Care Solutions, LLC, was aware of this widespread practice of depriving inmates with medical conditions, such as Ms. Horstead, of their constitutional rights that, although not authorized by written law or express municipal policy, is now so permanent or well settled as to constitute a custom or usage with force of the law.

50. Despite knowledge of this need, Defendant Correct Care Solutions, LLC acted with deliberate indifference and failed to develop and implement adequate policies and procedures to ensure the safety and livelihood of their patients, who are inmates housed in Champaign County Jail.

51. It was reasonably foreseeable, that without such policies and procedures, inmates such as Ms. Horstead, suffering from serious medical conditions, would continue to suffer without medical treatment at the hands of Defendant Correct Care Solutions, LLC.

52. Due to the failure of Defendant Correct Care Solutions, LLC to develop such policies and procedures as would train employees to treat medical conditions and emergencies appropriately, the employees at the jail failed or refused to provide Ms. Horstead with necessary medical care, thereby proximately causing in whole or in part her conscious pain and suffering and her death, depriving Ms. Horstead of her rights under the Eighth Amendment and in violation of 42 U.S.C. §1983.

**COUNT III: Wrongful Death Pursuant to 740 ILCS §180/0.01 et seq. vs. Defendants Kemp and Correct Care Solutions, LLC**

63. The Plaintiff reincorporates and realleges paragraphs 1-38 as if fully incorporated herein.

64. The Plaintiff brings this action pursuant to the Illinois Wrongful Death Act.

65. Defendants Kemp and Correct Care Solutions, LLC failed to provide adequate medical care to Ms. Horstead about whose medical conditions they had preexisting knowledge.

66. The Defendants failed to provide adequate medical attention as is protocol in Champaign County Jail.

67. Defendants Correct Care Solutions, LLC, are responsible for developing, implementing, and training employees on policies and procedures which are adequate in preventing unnecessary inmate deaths.

68. Defendant Kemp failed to provide adequate medical attention to Ms. Horstead when she complained of [redacted] on June 8, 2016.

69. The combined failures of Defendants Kemp and Correct Care Solutions, LLC resulted in Ms. Horstead's untimely and unnecessary death.

70. On information and belief, at all relevant times, it was the duty and responsibility of the Defendants Kemp and Correct Care Solutions, LLC, to exercise reasonable care to provide for the medical needs of Ms. Horstead and all other inmates housed within Champaign County Jail.

71. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions and the breach of duty committed by Defendants Kemp and Correct Care Solutions, LLC, Ms. Horstead suffered injuries that ultimately resulted in her untimely death.

72. The family of Ms. Horstead has unexpectedly lost forever a loved one. Ms. Horstead was a loving woman who left behind her grandmother and children.

73. Ms. Horstead's family is not only grieving over their sudden loss but must also cope with the unexpected expense associated with her passing.

74. As a direct and proximate result the breach of duty committed by Defendants Kemp and Correct Care Solutions, LLC, Ms. Horstead's survivors suffered pecuniary loss and have been deprived of society, love and affection of their granddaughter and mother.

75. Defendants Kemp and Correct Care Solutions, LLC, owed a duty to provide professional and responsible health services to Ms. Horstead. Notwithstanding this duty, after being made aware that Ms. Horstead required emergency medical care, Defendants Kemp and Correct Care Solutions, LLC, acting in accordance with their policies and procedures, willfully,

wantonly, or negligently refused to take action to provide Ms. Horstead with medical care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death.

## **COUNT IV: Medical Malpractice Pursuant to 735 ILCS §5/2-1704 vs. Defendant Kemp**

76. The Plaintiff reincorporates and realleges paragraphs 1-38 and 53-64 as if fully incorporated herein.

77. On or about June 8, 2016, Defendant Kemp was a nurse licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

78. On or about June 8, 2016, Defendant Kemp was an employee or agent of Correct Care Solutions, LLC.

79. On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

80. On or about June 8, 2016, Defendant Kemp had medical privileges in Champaign County.

81. On or about June 8, 2016, Defendant Kemp negligently failed to provide medical services or interventions to the decedent Veronica Horstead who was incarcerated in Urbana, Champaign County, Illinois.

82. On or about June 8, 2016, Defendant Kemp failed to refer the decedent Veronica Horstead to the Emergency Department with [redacted], which could have prevented her untimely death.

83. On or about June 8, 2016 Defendant Kemp owed a duty of care to the decedent, Veronica Horstead to perform her duties within an acceptable standard of medical care within the medical community.

84. Defendant Kemp breached this standard of care in the manner described above, causing Ms. Horstead's physical, mental and emotional pain, and ultimately, death.

85. As a direct and proximate result of the breach of the applicable standard of medical care by Defendant Kemp, the decedent Veronica Horstead suffered [redacted].

86. By means of the negligence of the Defendant Kemp and as a direct and proximate result of the breach of the applicable standard of medical care, the decedent Veronica Horstead suffered conscious pain and suffering; incurred future lost wages; suffered mental anguish; incurred medical expenses; suffered death and other damages.

87. All of the injuries and damages sustained by the decedent, Veronica Horstead, were the direct and proximate result of the negligent acts of the Defendant Kemp without any act or omission on the part of the decedent.

88. Attached hereto as Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the Affidavit of Counsel.

## COUNT V: Medical Malpractice Pursuant to 735 ILCS §5/2-1704 vs. Defendant Correct Care Solutions

89. Plaintiff reincorporates and realleges paragraphs 1-38 and 53-64 as if fully incorporated herein.

90. From about June 7, 2016 through June 10, 2016, Defendant Kemp had privileges at the Champaign County Jail.

91. From about June 7, 2016 through June 10, 2016, Defendant Correct Care Solutions, LLC employed Defendant Kemp and held her out as being duly competent and qualified to render medical care, attention and treatment to the inmates at the Champaign County Jail.

92. From about June 7, 2016 through June 10, 2016, Defendant Kemp was acting as an agent/employee of Defendant Correct Care Solutions, LLC and providing medical services to the decedent, Veronica Horstead within the scope of that agency/employment.

93. From about June 7, 2016 through June 10, 2016, Defendant Kemp was a medical professional licensed to practice medicine in the State of Illinois, and regularly engaged in the practice of medicine in Champaign County, Illinois.

94. On information and belief Correct Care Solutions, LLC contracts with the Champaign County Jail to provide medical services to inmates.

95. From about June 7, 2016 through June 10, 2016, Defendant Kemp acting as agents of Defendant Correct Care Solutions, LLC negligently failed to completely assess the decedent Veronica Horstead who was incarcerated in Urbana, Champaign County, Illinois.

96. From about June 7, 2016 through June 10, 2016, Defendant Kemp, acting as an agent of Defendant Correct Care Solutions, LLC negligently failed to properly assess the decedent Veronica Horstead.

97. From about June 7, 2016 through June 2016, Defendants Defendant Kemp, Correct Care Solutions, LLC failed to refer the decedent Veronica Horstead to the Emergency Department with [redacted], which could have prevented his untimely death.

98. By means of the negligence of the Defendant Correct Care Solutions, LLC and as a direct and proximate result of the breach of the applicable standard of medical care within the medical community and Defendant Correct Care Solutions, LLC breached this standard of care through the actions of its agent, Defendant Kemp and by failing to properly supervise its agents.

99. Defendant Correct Care Solutions, LLC breached this standard of care in the manners described above, causing the decedent, Veronica Horstead physical, mental and emotional pain, and ultimately, death.

100. All of the injuries and damages sustained by the decedent, Veronica Horstead, were the direct and proximate result of the negligent acts of the Defendant Correct Care Solutions, LLC without any act or omission on the part of the decedent.

101. Attached hereto is Exhibit 1 and incorporated herein in conformance with 735 ILCS 5/2-622 is the affidavit of Counsel.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment on as follows:

On all Counts:

a. Compensatory, general and special damages in accordance with proof; and

b. Costs of suit necessarily incurred herein; and

c. Such further relief as the Court deems just or proper; and

On Count I:

d. Reasonable Attorney's fees and expenses of litigation; and

e. Punitive damages against defendants (except the immune entity defendants) in an amount sufficient to punish those defendants and to deter further misconduct; and

f. Compensatory damages related to the heirs of Veronica Horstead and their loss of society and companionship, loss of financial support; and

On Count II:

g. Compensatory general and special damages in accordance with proof; and

h. Costs of suit necessarily incurred herein; and

i. Reasonable Attorney's fees and expenses of litigation; and

j. Such further relief as the Court deems just or proper; and

On Count III, Count IV, Count V:

k. Statutory damages as allowed.

> AMBER BISHOP, INDEPENDENT ADMINISTRATOR of the ESTATE of VERONICA L. HORSTEAD, Decedent
>
> By: s/Shayla Maatuka
>
> Shayla Maatuka of Dodd & Maatuka

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date: 5/31/18                        By:    s/Shayla Maatuka

                                           Shayla Maatuka of Dodd & Maatuka

## RULE 222 AFFIDAVIT

NOW COMES your Affiant, SHAYLA MAATUKA of DODD & MAATUKA, first being duly sworn on oath and states that the total damages sought in the above-referenced matter exceed $50,000.00.

Date: 5/31/18                        By:    s/Shayla Maatuka

                                           Shayla Maatuka of Dodd & Maatuka

SUBSCRIBED and SWORN to before me

this 31st day of May, 2018.

s/Stacy McCulley              .

Notary Public

OFFICIAL SEAL
Stacy McCulley
Notary Public - State of Illinois
My Commission Expires 6/21/2020

Shayla Maatuka of
DODD & MAATUKA
303 S. Mattis, Suite 201
Champaign, IL 61821
Telephone:  217.356.9500
Facsimile:  217.355.1358
shayla@madelaw.net

**VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that the undersigned believes the same to be true.

s/Amber Bishop

AMBER BISHOP, INDEPENDENT ADMINISTRATOR of the ESTATE of VERONICA L. HORSTEAD, Decedent

Shayla Maatuka of
DODD & MAATUKA
303 S. Mattis, Suite 201
Champaign, IL 61821
Telephone:  217.356.9500
Facsimile:  217.355.1358
shayla@madelaw.net